UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CAROL BROWN, | : | |
| Plaintiff | : | CIVIL ACTION NO. 4:22-301 |
| v. | : | (JUDGE MANNION) |
| JOHN D. STEN, *et al.*, | : | |
| Defendants | : | |

## O R D E R

Pending before the court is the report of Magistrate Judge Susan E. Schwab which recommends that the plaintiff's complaint be dismissed without leave to amend. (Doc. 7). The plaintiff has failed to file any objections to Judge Schwab's report.

Where no objection is made to a report and recommendation, the court should, as a matter of good practice, satisfy itself that there is no clear error on the face of the record in order to accept the recommendation. Fed. R. Civ. P. 72(b), advisory committee notes; *see also Univac Dental Co. v. Dentsply Intern., Inc.*, 702 F.Supp.2d 465, 469 (M.D.Pa. 2010) (citing *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept,

or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

By way of relevant background, the instant action was transferred to this District from the Southern District of New York on March 1, 2022. (Doc. 1). In her complaint, the plaintiff alleges that her daughter went to the hospital in March 2019 and passed away the following month. Although she was never diagnosed with sickle cell, the plaintiff alleges that her daughter's death certificate lists "complication due to sickle cell" as her cause of death. The plaintiff alleges that she found this suspicious and, as a result, she attempted to obtain her daughter's medical records in order to hire an attorney to look into the matter. While the hospital provided the plaintiff with medical records, she alleges that defendant Sten did not. The plaintiff brought the instant action alleging her right to access to her daughter's medical records has been denied.

Judge Schwab gave the complaint preliminary review and determined that it failed to state a claim upon which relief can be granted. (Doc. 6). Specifically, Judge Schwab found that the plaintiff alleged no basis for this court's jurisdiction. Though she alleged that the basis for the court's jurisdiction was "federal question," the plaintiff alleged no violation of her federal constitutional or statutory rights, but only alleged a right "to medical

records." Although the plaintiff was given an opportunity to file an amended complaint to properly allege this court's jurisdiction, she failed to do so within the required time. As such, Judge Schwab issued the instant report in which she recommends that the complaint pending before the court be dismissed without leave to amend. (Doc. 7).

As stated previously, the plaintiff has not objected to any part of Judge Schwab's report and recommendation. Upon review, the court finds no clear error of record. Moreover, the court agrees with the sound reasoning which led Judge Schwab to her conclusion that the complaint should be dismissed without leave to amend. As such, the court will adopt the report and recommendation as the decision of the court.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

**(1)** The report and recommendation of Judge Schwab **(Doc. 7)** is **ADOPTED IN ITS ENTIRETY AS THE DECISION OF THE COURT**.

**(2)** The plaintiff's complaint **(Doc. 1)** is **DISMISSED WITHOUT LEAVE TO AMEND**.

- 4 -

(3)  The Clerk of Court is directed to **CLOSE THIS CASE**.

_____
MALACHY E. MANNION
United States District Judge

DATE: February 7, 2023
22-301-01